JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Margaret Taylor Givens

**DEFENDANTS**
Saxon Mortgage Services, Inc.; Residential Credit Solutions, Inc.

(b) County of Residence of First Listed Plaintiff: **Mobile County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **N/A**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of John Parker   251-621-2216
713 Belrose Avenue
Daphne, Alabama 36526

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity/Federal Question 28USC1332; Fair Credit Reporting Statute

Brief description of cause:
Breach of contract/Fraud re: loan modification

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE N/A    DOCKET NUMBER N/A

DATE: 04/30/2013
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

AO 440 (Rev. 04/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

| | |
|---|---|
| MARGARET TAYLOR GIVENS | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. |
| SAXON MORTGAGE SERVICES, INC.; et al | ) |
| Defendant | ) |

### Summons in a Civil Action

To: *(Defendant's name and address)*

Saxon Mortgage Services, Inc.
4700 Mercantile Drive
Fort Worth, Texas 761-3605

A lawsuit has been filed against you.

    Within ___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

John R. Parker
713 Belrose Avenue
Daphne, Alabama 36526

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_____
Name of clerk of court

Date: _____   _____
Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

AO 440 (Rev. 04/08) Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

    (1) personally delivering a copy of each to the individual at this place, _____
_____; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
_____; or

    (4) returning the summons unexecuted to the court clerk on _____; or

    (5) other *(specify)* _____
_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

Date: _____

                                                          _____
                                                                            Server's signature

                                                           _____
                                                                            Printed name and title

                                                           _____
                                                                             Server's address

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of Alabama

Margaret Taylor Givens
Plaintiff,

**SUMMONS IN A CIVIL CASE**

V.

Saxon Mortgage Services, Inc.;
Residential Credit Solutions, Inc.
Defendants.

CASE NUMBER:

TO: (Name and address of Defendant)

Residential Credit Solutions, Inc.
P.O. Box 163349
Fort Worth, Texas 76161-3349

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John R. Parker
713 Belrose Avenue
Daphne, Alabama 36526

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK                                       DATE

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
              *Date*                        *Signature of Server*

                                         _____
                                         *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES FEDERAL COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARGARET TAYLOR GIVENS           *

    Plaintiff,                              *

v.                                                    CIVIL ACTION NO. _____

                                                *

SAXON MORTGAGE SERVICES, INC.;
RESIDENTIAL CREDIT SOLUTIONS, INC.
                                                *       JURY TRIAL DEMANDED

    Defendants.                            *

## COMPLAINT

1.    The Plaintiff, Margaret Taylor Givens, is an individual residing in Mobile County, Alabama at 10001 County Road, Mobile, Alabama and is a citizen of the state of Alabama and the Defendant, Saxon Mortgage Services, Inc., hereinafter referred to as "Saxon", is domiciled and has its principal place of business in the state of Texas, specifically Fort Worth, Texas, and does business in the State of Alabama pursuant to mortgage and loan financing on residential properties. The Defendant, Residential Credit Solutions, Inc., hereinafter referred to as "RCS", has its principal place of business in the state of Texas, specifically Fort Worth, Texas, and does business in the state of Alabama in connection with servicing mortgage indebtedness on real property situated in the state of Alabama.

2.    The matter in controversy exceeds, exclusive of interest and cost, the sum

1

specified by 28 USC §1332.

3. On or about the 3rd day of October, 2007, the Plaintiff, Margaret Taylor Givens, entered into a mortgage loan agreement with AFC Mortgage regarding the property described as Lot 4 Countrywide Estates Unit 2 according to plat thereof, Map Book 27, p. 122 of the Records of the Office of the Judge of Probate, Mobile County, Alabama, situated at 10001 County Road, Mobile, Alabama.

4. The originator of the loan assigned the mortgage indebtedness to "Saxon" which, during the early part of 2012, offered to the Plaintiff, Margaret Taylor Givens, to participate with "Saxon" in the Home Affordable Modification Program (HAMP) whereby the mortgage would be modified.

5. This offer by the Defendant, "Saxon", made to the Plaintiff was made after payments made by the Plaintiff on the particular mortgage indebtedness to include principal interest and escrow payments were misapplied and/or lost as a result of "Saxon's" misapplication of funds prior to February, 2012, Saxon attempted to foreclose the subject premises, which foreclosure was the result of Saxon not applying payments made timely by Mrs. Givens pursuant to the mortgage and the attempted foreclosure resulted in Mrs. Givens obtaining counsel during the summer of 2011 to reconcile the alleged breach. This led to the Plaintiff, Margaret Taylor Givens, incurring substantial legal fees and costs in that time frame.

6. Saxon's threats of foreclosure extended over a period of some 5-6 months in 2011 through early 2012 at which time Saxon offered to the Plaintiff, Margaret Taylor Givens, the

opportunity to modify the mortgage pursuant to the HAMP program, and assured Mrs. Givens that the loan would be modified at an interest rate of 4.1% per annum with no closing costs and that the mortgage balance, which at the time of the offer of the modification program by the Defendant, Saxon, was approximately $186,000, would be carried forward so that with the interest rate of 4.1%, the loan would pay out with payments less than Mrs. Givens was paying on the previous mortgage with Saxon.

7.      Mrs. Givens was placed on a trial period for the period of December, 2011 through February, 2012, during which time she paid the payments timely and then received a loan modification document from Saxon Mortgage Company dated May 10, 2012 that the loan required capitalization of in excess of $12,000 resulting in a new balance of $199,407 in excess of the previous balance of $186,569. At the time Mrs. Givens received that breakout in May, 2012, the loan had been modified and placed on the books and the trial period had run from December, 2011 to February, 2011, during which time Mrs. Givens made timely payment.

8.      At such time as Mrs. Givens received the May, 2012 breakout of the new loan balance of $199,407 consisting of what was described by the Defendant, Saxon, as an accrued unpaid interest totaling in excess of $6,000, escrow advances totaling in excess of $3,700 and corporate advances totaling in excess of $3,000. Mrs. Givens promptly demanded a full and complete accounting as her payments had been made timely and the trial period had expired. Mrs Givens disputed the statement of accrued unpaid interest, escrow advances, and corporate advances and demanded a full and complete accounting from the Defendant, Saxon Mortgage Company.

9.      Subsequent to the May, 2012 breakout from Saxon Mortgage Company of the

balance of the loan at $199,407, the loan was assigned to Residential Credit Solutions, Inc., hereinafter referred to as "RCS", on or around June, 2012 without the appropriate assignment of escrow resulting in demands by RCS for an escrow shortage.. At that time, Mrs. Givens continued to request an accounting from Residential Credit Solutions, Inc. and asserted to RCS, as she had to Saxon Mortgage Company, that the escrow account prior to October 2011 never existed. In fact, Mrs. Givens had received refund checks from Saxon on overpayments for homeowners insurance for March, 2011 which should have recorded the escrow account prior to the assignment to RCS. Mrs. Givens continued to demand a full and complete accounting of the mortgage indebtedness, the balance owed, allocation of monies paid and reconciliation of the escrow account, which requests went unheeded.

10. During this time frame, the Defendants, Saxon and/or RCS, reported a balance owed on the mortgage of in excess of $396,000 to Experion, Equifax and Transunion, which reporting directly impacted on Mrs. Givens's credit rating and ability to borrow funds, resulting in Mrs. Givens communicating with Saxon and RCS requesting that the balance of the mortgage be reconciled with the actual balance owed and that the report to the credit reporting agencies of a figure of $396,000, roughly two times the principal balance of the mortgage, be rescinded.

11. Mrs. Givens's requests went unreplied to and she continued to pay to RCS the monthly payments as called for in the initial loan modification of $1,552.92, which RCS, through and including the day of the filing of this Complaint, has indicated to credit reporting agencies were paid late or were inadequate amounts when, in fact, the amount paid by Mrs. Givens was the proper amount so that Mrs. Givens's credit continues to be impacted, and due to the conduct

of the Defendants, Mrs. Givens, through the date of the filing of this Complaint, has not received a full and complete accounting of monies paid on this particular mortgage indebtedness nor a reconciliation of those funds to principal, interest, and/or escrow.

## COUNT ONE

12.   The allegations in paragraphs 1-11 hereinabove are adopted herein by reference.

13.   The representations made by the Defendant, Saxon, to the Plaintiff, Margaret Taylor Givens, relative to the loan modification that the mortgage rate would be at 4.1% and the mortgage indebtedness would remain the same represented intentional, deliberate and are willful misrepresentations of material facts and were, in fact, relied upon by Margaret Taylor Givens in entering into the loan modification with Saxon Mortgage Company in the Spring of 2012.

14.   Additionally, the disclosure by Saxon of the 5.875% fixed interest rate, contrary to the 4.1% interest rate, was made after the loan modification was offered by Saxon and accepted and after the trial period 12/11 to 2/12 payments had been established by Saxon, all without any accounting of funds to the Plaintiff.

15.   The misrepresentation by the Defendant, Saxon Mortgage Company, and pattern of misrepresentations continued through the disclosure to Margaret Taylor Givens in May, 2012, that, in fact, the principal balance on the loan was increased some $12,000 due to capitalization charges relative to escrow advances accrued, unpaid interest and corporate advances, none of which had been disclosed to Mrs. Givens at the time that the loan modification was offered nor concluded.

16. The Plaintiff, Margaret Taylor Givens, relied upon the representations of Saxon, which company, relative to the availability of the loan modification represented that the mortgage indebtedness would remain the same, the interest rate would be reduced and she would be able to pay out the mortgage with reduced monthly payments that she could afford.

17. The representations made by the Defendant, Saxon, relative to the loan modification, were, in fact, false and were made intentionally, deliberately and/or willfully and relied upon by the Plaintiff, Margaret Taylor Givens, to her detriment in modifying the mortgage indebtedness.

**WHEREFORE**, the Plaintiff, Margaret Taylor Givens, requests the following relief in this case:

    a. That the loan modification entered into with Saxon on February, 2012 be rescinded, all monies paid, closing costs, down payment, mortgage payments, attorney's fees and other expenses plus interest be refunded to the Plaintiff, Margaret Taylor Givens.

    b. In the alternative, that the loan modification be modified and/or reformed to reflect the representations made to Margaret Taylor Givens at the time of the mortgage modification that, in fact, her escrow account was current and the amount financed would be the amount of the original loan and would be at 4.1%, which was a unilateral mistake on behalf of Mrs. Givens induced by the conduct of Saxon Mortgage Company.

    c. That the Plaintiff, Margaret Taylor Givens, be reimbursed all costs and expenses related to this litigation to include legal fees and costs.

    d. That the Plaintiff, Margaret Taylor Givens, be awarded damages

for the willful, intentional and/or deliberate misrepresentation and acts of the Defendant, Saxon, in inducing Mrs. Givens to enter into a loan modification with a certain interest rate with a principal balance owed and subsequently increasing the interest rate and the balance owed due to hidden expenses directed to the pocket of Saxon for escrow shortages and other expenses that were hidden and concealed from Mrs. Givens at the time of the transaction.

   e. That the Plaintiff, Margaret Taylor Givens, be awarded such other further and different reliefs that may be appropriate.

## COUNT TWO

18. The Plaintiff adopts all allegations contained in paragraphs 1-17 hereinabove.

19. The conduct of Saxon as set forth herein was carried forward by "RCS" on the assignment of the mortgage to "RCS", which occurred on or about the 1st day of February, 2012 as "RCS" has failed and refused to tender to Mrs. Givens an accounting of the particular mortgage indebtedness and allocation of where the monies have been applied that have been paid and the status of the escrow account and, in fact, has tendered reports to credit reporting agencies, that the mortgage indebtedness was roughly double the amount of the actual indebtedness proximately causing lost credit by Margaret Taylor Givens.

20. The conduct relative to establishing a mortgage indebtedness and interest rate that was inflated, improperly applying funds paid by Mrs. Givens, improperly reporting the loan balance to credit reporting agencies and refusing to tender an accounting of the loan has been engaged in by and by RCS in an intentional and ongoing pattern of misconduct to deceive and mislead

Mrs. Givens, all of which has been relied upon by Mrs. Givens to her detriment.

21. Due to the concert of action by and between the Defendant, Saxon Mortgage Company, and RCS, its assignee, relative to the representations and/or acts of concealment made to the Plaintiff, Margaret Taylor Givens, which acts of misrepresentation and/or concealment were intentional, deliberate and/or willful and relied on by Margaret Taylor Givens and which acts of concealment and/or misrepresentation are continuing through the date of this Complaint due to the refusal of the Defendants to produce an accounting of the balance owed, Margaret Taylor Givens requests punitive damages against the Defendants jointly and severally.

**WHEREFORE,** the Plaintiff, Margaret Taylor Givens, demands judgment against the Defendants, Saxon Mortgage Company and RCS, jointly and severally, to include both compensatory and punitive damages in the sum of $1,000,000 plus costs.

## COUNT THREE

22. The Plaintiff adopts all allegations contained in paragraphs 1-21 hereinabove.

23. The conduct of Saxon continued by its assignee, RCS, by failing and refusing to produce a proper accounting and inflating the mortgage indebtedness, reporting a balance owed nearly double the amount of the principal balance of the mortgage to the credit reporting agencies, and failing to credit Mrs. Givens with proper payments made in a timely fashion constituted concurrent negligence engaged in by both of the named Defendants.

24. As a direct and proximate consequence of the Defendant's concurrent negligence, the Plaintiff, Margaret Taylor Givens, has been caused to suffer the following injuries and

damages:

    a.    The Plaintiff, Margaret Taylor Givens, has been denied credit rating as false and improper reporting has been done to the credit reporting agencies.

    b.    The Plaintiff, Margaret Taylor Givens, has been caused to suffer stress, anxiety and mental anguish due to the denial of credit and the failure of the Defendants to properly account for monies paid on her homeplace.

    c.    The Plaintiff, Margaret Taylor Givens, has further incurred legal fees and costs relative to trying to unravel the issue concerning the balance owed and the proper allocation of funds paid.

    d.    The Plaintiff, Margaret Taylor Givens, has further been caused to incur costs and expense in efforts to clear her credit and to obtain an accounting, which has resulted in her having to hire counsel incurring costs and expense in that regard.

**WHEREFORE**, the Plaintiff, Margaret Taylor Givens, demands judgment against the Defendants, Saxon Mortgage Company and RCS, jointly and severally, for $500,000 plus costs.

## COUNT FOUR

25.    The Plaintiff adopts all allegations contained in paragraphs 1-24 hereinabove.

26.    The conduct of the Defendants, Saxon and RCS, acting jointly and severally after repeated notices by Margaret Taylor Givens and her attorney requesting a full and complete accounting of the mortgage indebtedness and reporting a balance owed on mortgage indebtedness in double the amount actually owed constitutes wanton misconduct on behalf of the Defendants jointly

and severally.

27.  As a proximate consequence of the Defendants' concurrent wantonness, the Plaintiff, Margaret Taylor Givens, has been caused to suffer the following injuries and damages:

a.  The Plaintiff, Margaret Taylor Givens has been denied credit and/or proper credit rating due to the gross inflation of the amount owed the Defendants as claimed.

b.  The Plaintiff, Margaret Taylor Givens has been caused to suffer stress and anxiety relative to trying to straighten out the mortgage indebtedness on her homeplace, which has continued from February, 2012 to date.

c.  The Plaintiff, Margaret Taylor Givens has been caused to incur costs and expense relative to hiring an attorney and to attempting to clear her credit and to resolve the actual indebtedness owed on the particular mortgage.

d.  The Plaintiff, Margaret Taylor Givens, in addition to compensatory damages, claims punitive damages based on the intentional, deliberate and willful conduct jointly and concurrently by the named Defendants, Saxon and RCS.

WHEREFORE, the Plaintiff, Margaret Taylor Givens, demands judgment against the Defendants, Saxon Mortgage Company and RCS, jointly and severally, in the sum of $1,000,000 to include both compensatory and punitive damages plus costs.

## COUNT FIVE

28.  The Plaintiff adopts all allegations contained in the forgoing paragraphs 1-27 of Counts 1-4 above.

29. The Defendants, Saxon and RCS, intentionally and deliberately caused to be published to third parties, namely credit reporting agencies, false information relative to the credit of Margaret Taylor Givens as to not only the balance owed on the mortgage, which was double the amount owed, but the fact that Mrs. Givens was slow pay and/or delinquent when, in fact, Mrs. Givens paid the amounts as called for by the loan modification entered into in February, 2012.

30. As a direct and proximate consequence of the publishing of false and derogatory information in writing and in print by the defendants, Saxon and RCS, acting concurrently, the Plaintiff, Margaret Taylor Givens, was caused to be placed in bad light, was caused to lose credit rating, was caused to be detained and was caused to lose credit, suffering humiliation and mental anguish.

31. The conduct of the Defendants, Saxon and RCS, jointly and severally and acting concurrently in generating false information as published to the third party credit reporting agency engaged in libelous misconduct, intentionally and deliberately and/or wantonly or recklessly, which libel misconduct resulted directly in damages sustained by Margaret Taylor Givens.

WHEREFORE, the Plaintiff, Margaret Taylor Givens, demands judgment against the Defendants, Saxon Mortgage Company and RCS, jointly and severally, in the sum of $500,000 to include both compensatory and punitive damages plus costs.

## COUNT SIX

32. The Plaintiff adopt all allegations contained in paragraphs 1-31 of Counts 1-5 hereinabove.

33. The Plaintiff, Margaret Taylor Givens, demands a full and complete accounting from both Saxon and RCS as to all monies paid on the particular mortgage indebtedness from its inception through to date coupled with the allocation and application of those proceeds and a full and complete accounting as to the escrow account and any other expenditures paid by Margaret Taylor Givens on the particular mortgage, to include but not limited to the capitalization increase of approximately $12,000 as noticed in May, 2012 by Saxon Mortgage Company, resulting in the indebtedness increasing to $198,000 from the correct amount of approximately $186,000 at the time of the loan modification.

WHEREFORE, the Plaintiff, Margaret Taylor Givens, demands judgment against the Defendants, jointly and severally, requiring the Defendants to produce a full and complete accounting as stated herein at the Defendants' cost and/or further judgment against the Defendants of costs and expense incurred by Margaret Taylor Givens in bringing this action, including legal fees and costs, and for such other different relief as may be appropriate.

Respectfully submitted,

_____
JOHN R. PARKER (PAR074)
Attorney for Plaintiff

OF COUNSEL:
LAW OFFICES OF JOHN PARKER
713 Belrose Avenue
Daphne, Alabama 36526
251-621-2216
251-621-2219 (fax)


PLAINTIFF RESPECTFULLY REQUESTS TRIAL BY JURY.

_____
JOHN R. PARKER


Please serve Defendants via certified mail as follows:

Saxon Mortgage Services, Inc.
4700 Mercantile Drive
Fort Worth, Texas 76137-3605

Residential Credit Solutions, Inc.
P.O. Box 163349
Fort Worth, Texas 76161-3349